COLLIER, respondent, *v.* FIELD, appellant.

CASE AFFIRMED. The case of *Collier* v. *Field,* ante, 205, is affirmed on rehearing.

PRACTICE — *appeal* — *subsequent order* — *statute construed.* On an appeal from an order made subsequent to the judgment, the court has power to reverse the judgment. A proper construction of section 378 of the Civil Practice Act gives the court such authority.

*Appeal from First District, Jefferson County.*

THIS was a rehearing of the case reported *ante,* 205.

JOHNSTON & TOOLE and M. C. PAGE, for appellant.

SHOBER & LOWRY and A. G. P. GEORGE, for respondent

KNOWLES, J.    This case is presented to this court on a motion for a rehearing.   When it was formerly before us, we only considered the right of the plaintiff to have a release, that he had executed to a certain judgment, set aside.   We do not wish to recede from the opinion then expressed.   Upon an examination of the decree entered by the court below, it may be that it does not bear the construction that the court below had found, that the release should be set aside as a mistake, and so adjudged, and that its proper construction is an adjudication that the plaintiff was entitled to recover, notwithstanding the release to Field. Considering it in this light, is the decree proper?   It is claimed by appellants that  the notes and mortgage sued upon in this case were merged in a judgment in a former case of *Collier* v. *Field,* and that, as far as the notes and mortgage are concerned, this case is *res adjudicata.*   This was an issue, and the court below found adversely to the defendants upon it.   I find no proper exception to this finding.   The exception is as follows :  " To the findings of the court herein, and each and every part thereof."   This has been held by this and other courts, when a similar practice prevails, to be too general, if there is one good finding by the court.   When an exception is made to a finding of fact, it should point out distinctly the objection.   Civ. Pr. Act, § 229.   Waiving the point that the exception was not properly taken, does the record show that the finding of the court upon this issue was error?  The matters put in issue in this case were litigated in the other case of *Collier* v. *Field, Ervin and Metcalf,* in the district court, and a judgment entered therein ; but in the record is a judgment of this court reversing that judgment.   It is claimed this was a mistake, and that this court did not intend to reverse it.   I should be inclined to think so.   In terms, the judgment of this court is not a reversal of an order made subsequent to judgment, as is claimed, but a reversal of the judgment in the case.   Appellants urge that under that appeal from an order made subsequent to final judgment, this court could not reverse the judgment.   This is not clear, but I think under the provisions of our statute it could.

Section 378 of our Civil Practice Act is as follows : " Upon an appeal from a judgment or order, the appellate court may reverse, affirm or modify the judgment or order appealed from, in the respect mentioned in the notice of appeal, and as to any or all of the parties ; and may set aside, or confirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if necessary or proper, order a new trial."

It is as certain that this court has the power to grant a new trial upon an appeal from any order, as it has to grant a new trial on an appeal from a judgment. I can conceive of cases where it would be proper to order a new trial, on an appeal from an order made after final judgment. The reversal of a judgment of a court below is, in effect, the ordering of a new trial. The power to grant a new trial by implication grants the power to reverse a judgment. How could there be a new trial without a reversal of the judgment that had been entered in a case? This court had jurisdiction to do what it did do, and its judgment is not a nullity. The matters presented in this case were not *res adjudicata.*

The second point I shall notice is the release of Collier to Field. Although not properly presented in the pleadings, the issue was made on the trial, as to whether Ervin and Metcalf were present when the defendant Field was released, and consented thereto and agreed to be responsible for the balance due on said judgment.

The court finds directly upon this point, and in the decree is this finding: " The court finding from the proof that they (referring to Ervin and Metcalf) specially agreed to the said release, and to become and remain responsible for the amount remaining due on said notes and mortgage, after the payment and release set forth in said complaint and exhibits attached thereto."

In the findings of facts is the following :

" That, with the consent and agreement of all the parties hereto, except said Page, the defendant Field was released from all lien or liability in the premises, upon the payment of one-half of said indebtedness, which by him was done, and it was agreed that the same be credited upon said indebtedness, which, by mistake or inattention, was omitted."

There is another finding, to the effect that Page became a purchaser of an interest in the mortgaged property, with full knowledge of the above facts.

It must be considered that Ervin and Metcalf did consent to the release of Field, and agreed to be responsible upon the balance remaining due upon the judgment.

The defendant Page is not an innocent purchaser. What effect, under these facts, will this release have? Did the release of Field release Ervin and Metcalf?

Parsons, in his work on Contracts, vol. 1, p. 27, says: "Where a technical release, that is, a release under seal, is given to one of two joint debtors, and the other, being sued, pleads the joint indebtedness and the release, it is no answer to say that the release was made at the defendant's request, and in consideration that he thereupon promised to remain liable for the debt and unaffected by the release; for this would be a parol exception to a sealed instrument. * * * · This being the reason, it should follow that only a release under seal should have the effect of excluding this answer. And the weight of authority is certainly and very greatly in favor of this limitation."

The release in this case was an instrument not under seal. The plaintiff might, as a defense, set up the fact to this release, when interposed by Ervin and Metcalf, that it was made by their consent and that they agreed to remain liable on the judgment, notwithstanding this release. The release of Field was a good consideration for such an agreement. The proof of this agreement between Collier, Metcalf and Ervin is not a variation of the written contract of release between Collier and Field. It is an additional agreement. Evidence of such an agreement is proper. 1 Greenl. on Ev., § 304. It has been held by many American authorities, that an agreement like the one under consideration would not be considered as a release of the obligation which all had entered into, but a covenant not to sue Field. An agreement not to sue does not discharge the obligation. 1 Pars. on Cont. 28. The release in this case was from a judgment, and not from the notes and mortgage. This judgment was, in fact, reversed. It is sought to make this release apply to the notes and mortgage. There is a doubt whether this can be done. The point was not

urged by respondents, and they have treated this release as though it did apply to the notes and mortgage. The complaint contains two causes of action — one to foreclose a mortgage to satisfy certain notes, and the other to reform or set aside this release. The defendants, as a defense to the cause of action to foreclose the mortgage, do not set forth in their answer this release. They deny the facts set forth by plaintiff, to secure a reformation or cancellation of this release. A release, to be available as a defense to an action for debt, should be affirmatively set forth in the answer. Van Santvoord's Pl. 506. If it should be contended that the facts found by the court, concerning the release, pertained to the second cause of action, the reformation or cancellation of the release, there was no issue presented as to a release of the notes and mortgage, and the only issue that was presented as to them was, as to whether they had been litigated and merged in the former judgment.

*Rehearing denied.*