WANDEL, Appellant, v. WANDEL, Respondent.

[No. 5,900.]

(Submitted April 7, 1926. Decided April 15, 1926.)

[248 Pac. 864.]

*Divorce — Alimony — Discretion — Pleadings — Amendment — Evidence—Preponderance may be Established, How.*

Pleadings—Amendment—When Granting of Leave not Abuse of Discretion.

1. An application for leave to amend a pleading is addressed to the sound legal discretion of the trial court, the order allowing it being subject to review only upon a showing of abuse of that discretion; and where an amendment to an answer in a divorce proceeding was permitted fifteen days prior to trial and plaintiff did not apply for a continuance under a claim of surprise, he was in no position to urge abuse of discretion.

Same — Amendment — Refusal to Impose Terms — When not Abuse of Discretion.

2. Section 9187, Revised Codes of 1921, providing that the trial court may allow an amendment of any pleading upon such terms as may be just, does not under all circumstances require the imposition of terms as a condition to granting leave, the matter being left to the discretion of the court; and where it does not appear that the application to amend was untimely, or that the adversary of the applicant was placed at any disadvantage or incurred any expense by reason of the amendment having been allowed, the action of the court granting leave without imposing terms will not be *held* an abuse of discretion.

Trial—Evidence—Preponderance may be Established by Testimony of Single Witness, When.

3. A preponderance of the evidence may be established by the testimony of one witness as against the testimony of a greater

---

1. Discretion in permitting amendments, see notes in 5 Ann. Cas. 674; Ann. Cas. 1913B, 709; Ann. Cas. 1914A, 26. See, also, 21 R. C. L. 572.

3. See 10 R. C. L. 1005.

[76 Mont. 160.]

· number of witnesses; and where the testimony of the one witness is not characterized by such inherent improbability as to destroy it, the supreme court will not interfere with the determination of the jury, and of the court in passing upon the motion to adopt or reject findings, based upon the credibility of the witness.

Divorce—Alimony—Elements Entering into Determination of Amount.
4. In awarding alimony in a final decree of divorce the amount which the wife should receive is not measured by the value of any certain portion of the husband's estate, but is to be determined by the equities of the case, having due regard for the financial condition and necessities of the parties.

Same—Alimony—Award Held not Made in Abuse of Discretion.
5. Where plaintiff husband in a divorce suit had some property and had regular employment at $80 per month, and for some time prior to trial defendant wife had been compelled to support herself and at the time of the trial she was without employment or property, an award to her of $25 per month for twenty months held not an abuse of discretion.

[1]   Appeal and Error, 4 C. J., sec. 2757, p. 799, n. 34; Pleading, 31 Cyc., p. 368, n. 9; p. 751, n. 45.
[2]   Pleading, 31 Cyc., p. 377, n. 10; p. 378, n. 11, 12, 13.
[3]   Appeal and Error, 4 C. J., sec. 2833, p. 848, n. 35, 36; Evidence, 23 C. J., sec. 1756, p. 23, n. 54.
[4]   Divorce, 19 C. J., sec. 588, p. 253, n. 6; sec. 596, p. 257, n. 53; sec. 611, p. 264, n. 51; sec. 614, p. 266, n. 81.

*Appeal from District Court, Roosevelt County; Spurgeon E. Paul, Judge.*

ACTION for divorce by George Wandel against Effie Wandel. Plaintiff appeals from the decree in favor of defendant. Affirmed.

Cause submitted on briefs of counsel.

*Mr. J. K. Bramble,* for Appellant.

After a cause has been set for trial an amendment may not be permitted as a matter of right but only after permission of the court under the conditions mentioned in the statute. (*Meredith* v. *Roman,* 49 Mont. 204, 141 Pac. 643.) An amendment of the answer which raises a substantially different issue should be permitted only on payment of the costs. (31 Cyc. 383; *Coleman* v. *Davis,* 13 Colo. 98, 21 Pac. 1018; *Wands* v. *Crawford County School District,* 19 Kan. 204; *Sackett* v.

4.   See 1 R. C. L. 929.

*Millholand,* 110 App. Div. 893, 96 N. Y. Supp. 1144.) If the amendment is a material one, costs must be allowed. (*Ernst* v. *Cox,* 26 Wash. 526, 67 Pac. 258.) The right to amend a pleading must be claimed in opportune time. Unnecessary delay may be ground for refusal. (*Tingley* v. *Times-Mirror Co.,* 151 Cal. 1, 89 Pac. 1097; *Emeric* v. *Alvarado,* 90 Cal. 444, 27 Pac. 356; *Wood* v. *Chapman,* 24 Colo. 134, 49 Pac. 136; *Burch* v. *Swift,* 116 Ga. 595, 43 S. E. 64; *Wolverton* v. *Taylor,* 157 Ill. 485, 42 N. E. 49; *Gardner* v. *Case,* 111 Ind. 494, 13 N. E. 36; *Davis* v. *Boyer,* 122 Iowa, 132, 97 N. W. 1002; *North* v. *Webster,* 36 Minn. 99, 30 N. W. 429; *Stewart* v. *Glenn,* 58 Mo. 481; *Billings* v. *Sanderson,* 8 Mont. 201, 19 Pac. 307; *Osman* v. *Winters,* 30 Or. 177, 46 Pac. 780; *Richmond* v. *Irons,* 121 U. S. 27, 30 L. Ed. 864, 7 Sup. Ct. Rep. 788 [see, also, Rose's U. S. Notes].)

The evidence does not warrant an award of alimony. It does not show any necessity therefor. The defendant's net earnings exceed that of the plaintiff. No alimony *pendente lite* was asked for. After judgment a necessity must be shown and without it the court does not have authority to order its payment. (*Bordeaux* v. *Bordeaux,* 29 Mont. 478, 75 Pac. 359; *Rumping* v. *Rumping,* 41 Mont. 33, 108 Pac. 10.)

*Mr. Frank M. Catlin,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by the plaintiff to secure a divorce on the ground of wilful desertion. The original answer made by the defendant was merely a general denial of the allegation of the complaint which charged such desertion. The record does not disclose when the complaint or answer was filed, or when the order was made setting the cause for trial; but on June 12, 1925, upon notice, defendant moved the court for leave to file an amended answer and the motion was granted without terms. The amended answer, in addition to

the denials, included a cross-complaint which charged the plaintiff with extreme cruelty and demanded that defendant be granted a divorce upon that ground. A reply was filed and the cause brought to trial on June 27. By answers to special interrogatories the jury found that defendant did not desert the plaintiff and that plaintiff had been guilty of extreme cruelty toward the defendant. These findings were adopted by the trial court, which rendered a judgment in favor of the defendant dissolving the bonds of matrimony and awarding her alimony in the sum of $500, to be paid by the plaintiff in monthly installments of $25 each. From that judgment plaintiff has appealed.

1. The contention that the trial court committed reversible [1] error in permitting the amended answer to be filed cannot be sustained. The application to amend was addressed to the sound legal discretion of the trial court, and the order allowing it is subject to review only upon a showing of an abuse of that discretion. (Sec. 9187, Rev. Codes, 1921; *Callan* v. *Hample,* 73 Mont. 321, 236 Pac. 550.) The amendment was allowed fifteen days prior to the trial and if plaintiff were taken by surprise he failed to indicate it by applying for a continuance. Under these circumstances it cannot be urged successfully that the court abused its discretion. (*Sandeen* v. *Russell Lumber Co.,* 45 Mont. 273, 122 Pac. 913.)

2. It is urged that the trial court erred in failing to impose [2] terms as a condition precedent to filing the amended answer, but with this contention we do not agree. Our statute of amendments (sec. 9187, above) declares that "the court may likewise, in its discretion, after notice to or in the presence of the adverse party, allow upon such terms as may be just, an amendment to any pleading," etc. In construing a statute practically identical with ours, the supreme court of Wisconsin said: "The statute does not, under all circumstances, require the imposition of terms as a condition of granting leave to amend a pleading. The whole subject, as to the justice of the amendment, and whether it shall be granted upon condition and if so what condition, is left to the sound discretion of the

trial judge. The imposition of terms has a twofold object: the infliction of a penalty for the negligence requiring a remedy by the amendment; and to give to the adverse party an equivalent for the injury to him by delay or increased expense because of the amendment. Where there is neither a reason for the infliction of a penalty, nor prejudice to the adverse party of any kind to be compensated for,—even the calling of adverse counsel into court for the purposes of the amendment, as was the situation in this case,—it cannot be said on appeal that the failure of the trial court to impose terms was either an abuse of discretion or a violation of any rule of law.'' (*Illinois Steel Co.* v. *Budzisz*, 106 Wis. 499, 48 L. R. A. 830, 81 N. W. 1027, 82 N. W. 534.)

These observations are peculiarly pertinent to the instant case. It does not appear that the application to amend was untimely; that plaintiff was placed at any disadvantage or incurred any expense by reason of the amendment having been allowed. The general rule is stated in 31 Cyc. 377, as follows: ''The trial court in allowing amendments of pleadings may impose such terms as seem, in the exercise of its sound discretion, to be just and reasonable, but this discretion must not be abused, nor such terms imposed as would practically amount to a deprivation of the right secured by statute. So the discretion of the court in fixing the terms upon which an amendment may be made includes the power, so long as it is not abused, to allow an amendment without imposing any terms.''

3. Defendant testified to acts of extreme cruelty inflicted upon her by the plaintiff; but because her testimony is uncorroborated, while plaintiff's testimony contradictory thereof is corroborated by the testimony of other witnesses, it is urged that the evidence preponderates against the court's finding. It [3] is elementary, however, that a preponderance of the evidence may be established by the testimony of one witness as against the testimony of a greater number of witnesses. (*Parchen* v. *Chessman*, 53 Mont. 430, 164 Pac. 531.) The credibility of the defendant was a matter for determination by the jury in the first instance, and by the court in passing

upon the motion to adopt or reject the findings, and since her testimony is not characterized by such inherent improbability as to destroy it, this court will not interfere.

4. In awarding alimony in a final decree the amount which [4, 5] the wife should receive is not measured by the value of any certain portion of the husband's estate, but is to be determined by the equities of the case, having due regard for the financial condition and necessities of the parties. (Sec. 5771, Rev. Codes, 1921; *Cummins* v. *Cummins,* 59 Mont. 225, 195 Pac. 1031.) The record discloses that plaintiff has some property; that he has regular employment at $80 per month; that for some time prior to the trial defendant had been compelled to support herself by her own efforts as a nurse, and that at the time of the trial she was without employment or property. Under these circumstances it cannot be said that the trial court abused its discretion in rquiring plaintiff to pay her $25 per month for twenty months. (*Boles* v. *Boles,* 60 Mont. 411, 199 Pac. 912.)

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Galen, Stark and Matthews concur.