GRANGER, RESPONDENT, *v.* ERIE, SHERIFF, ET AL., APPELLANTS.

(No. 7,468.)

(Submitted December 7, 1935. Decided December 31, 1935.)

[53 Pac. (2d) 443.]

*Mr. Frank E. Blair, Mr. W. N. Waugh* and *Mr. John A. Shelton,* for Appellants, submitted an original and a reply brief; *Mr. Shelton* argued the cause orally.

*Mr. William Meyer* and *Mr. Harry Meyer,* for Respondent, submitted a brief; the former argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On April 20, 1933, the plaintiff, David Granger, brought suit to restrain John P. Erie, sheriff of Madison county, from selling a large tract of land in his county and for which the plaintiff held a tax deed, on execution issued on a judgment secured by the defendant E. M. Crumrine against the original owners of the property a short time prior to the issuance of the tax deed to plaintiff.

The defendant Erie filed his separate answer on May 5, 1933, and on May 2, 1933, the defendant Crumrine filed his separate answer, challenging the jurisdiction of the court on the alleged insufficiency of the complaint and its verification, and attempting to set up certain affirmative defenses. This pleading was signed "E. M. Crumrine, In person." Motions to strike certain portions of each of the separate answers were sustained on May 9, 1934, and each of the defendants was given twenty days within which to file an amended answer. The record discloses no request for additional time.

On July 13, 1934, the defendant Crumrine filed an amended answer "and cross-complaint," which recites that it is filed "af-

ter leave of court first obtained." This pleading sets up Crumrine's judgment and alleges that it constituted a lien prior to that of the date of the tax deed, which deed was not obtained "in good faith," and that the plaintiff is not a *bona fide* purchaser of the property. As a second affirmative defense, it is alleged that the tax deed is void as it attempts to take property without due process of law, in violation of section 27 of Article III of the Constitution. This pleading is signed by "W. N. Waugh and G. W. Howard" as counsel for Crumrine. Replies were filed and the parties agreed that the cause might be tried before Honorable T. E. Downey, in Butte. Judge Downey set the cause for trial on August 20, 1934.

On August 13, 1934, Crumrine filed a written "motion" for leave to file a second amended answer, which motion was supported by the affidavit of Crumrine and accompanied by the tender of the proposed answer, which sets up at length alleged defects in the tax proceedings and deed which, it is alleged, render the deed void. On the filing of this motion the court vacated the setting, and, on October 27, 1934, denied the motion. Nothing further was done with respect to the cause until it was set for hearing on May 17, 1935, at which time the plaintiff adduced proof of the allegations of the complaint, and the defendants attempted, without success, to introduce proof of the allegations of his proposed second amended complaint.

On the record made, the court rendered judgment perpetually enjoining the execution sale. The defendants have appealed from the judgment and in their brief concede that "the only question presented upon this appeal is whether or not the trial court in overruling the motion of the defendant Crumrine for leave to file an amended answer and cross-complaint, abused the discretion vested in it." In argument of this question counsel contend that the allegations of the tendered answer and the proof of those allegations would warrant the cancellation of the deed and this the court would have been compelled to do, even though this defendant did not offer to pay the amount of taxes actually due or tender any amount of taxes to be paid to the tax sale

purchaser on the cancellation of the deed, and therefore the motion should have been granted "in the interest of justice."

We need not here go into this latter question, nor determine whether defendant's attack upon the tax deed is a permissible direct attack or collateral attack, but will determine the question submitted: Did the court abuse its discretion in denying the motion?

The defendants are in the peculiar position of appealing from a judgment which they admit is the only judgment which could have been entered under the pleadings and proof before the court, solely for the purpose of having an intermediate order reviewed.

If, as counsel concede, the pleadings were wholly insufficient to warrant them in going to trial and the second amended answer was indispensable, we are at a loss to understand why they accepted the ruling of the court and proceeded to a futile trial. Surely between October 27, 1934, and May 17, 1935, counsel had ample time and opportunity to invoke the summary appeal afforded by this court for the correction of intermediary error within jurisdiction, the writ of supervisory control so well known in this jurisdiction. If, in fact, the defendant Crumrine had a good defense and stated it in his proposed second amended answer and the court abused its discretion in denying him the right to file that pleading, an ideal case for supervisory control was presented.

Reverting to the time of making the order in question, a court "may, in furtherance of justice," allow a party to amend any pleading "by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect," and the court "may likewise, in its discretion, after notice to or in the presence of the adverse party, allow * * * an amendment * * * in other particulars." (Sec. 9187, Rev. Codes 1921.) It was under this latter clause that the court had discretion to permit the filing of an amended pleading, as the defendant's showing did not bring his application within the first clause permitting minor corrections "in furtherance of justice." It may be that under the rule of

*ejusdem generis* the corrections permissible under the latter clause should be of the same nature as those specified in the first clause, but we will not here determine whether either clause is sufficient to justify an amendment setting up a complete defense to an action not pleaded in the original answer, or, as in this case, an amended answer. The question here is not what might have been done, but whether we can say that the court abused its discretion in doing what it did do.

To invoke the court's discretion, defendant Crumrine relied upon his affidavit asserting that he was originally represented by W. E. Carroll, Esquire, who was in poor health and not able properly to perform his duties as an attorney; that in order to prepare a proper answer required securing data from Virginia City, eighty miles distant from Butte; that on the death of Mr. Carroll he employed W. N. Waugh and George W. Howard, who "did not have sufficient time or opportunity to examine the said records [at Virginia City], and the amended answer and cross-complaint was prepared and filed with the expectation and with the knowledge that it would be necessary to supply certain defects therein by subsequent amended answer and cross-complaint; that it has not been possible to obtain the information necessary * * * prior to the date of this affidavit," and that affiant has been in ill health and not able to think with his usual clearness during the period covered and on that account has not understood all that was necessary for him to do in connection with his defense. This affidavit was made on August 13, 1934.

We are not advised as to the date when the substituted counsel were employed, but it would seem that they have been in the case at least since the hearing on the motion to strike and the order of May, 1934, granting twenty days for the filing of an amended pleading, as counsel merely assert that they had but a short time within which to prepare and file the pleading. It will, however, be noted that the period elapsing between May 9 and the filing of the amended answer was sixty-four days, instead of the twenty days granted, and, as no application for further time was made, it appears that no one was insisting on speedy action and it does not appear that the court would not have

granted the defendant Crumrine all additional time he required for further pleading. As to the necessity of examining the records of Madison county, it is not shown that this would have been any considerable task, and, in these days of automobile transportation, a distance of eighty miles is inconsiderable; a lawyer who cannot find time within a period of sixty-four days, must indeed be a busy man, yet no showing is made as to why the attorneys of record did not make such examination within the sixty-four day period, nor why "it was not possible to obtain the information" between July 13 and August 13, as alleged by Crumrine in his affidavit; nor why, if that information had not been obtained before July 13, after permitting fourty-four days to elapse after the amended pleading should have been filed, application to the court for additional time was not made.

An application to amend a pleading is addressed to the sound discretion of the trial court, and the supreme court will disturb the action of the trial court only on a showing of abuse of that discretion. (*Wandel* v. *Wandel,* 76 Mont. 160, 248 Pac. 864; *Shampagne* v. *Keplinger,* 78 Mont. 114, 252 Pac. 803; *Parsons* v. *Rice,* 81 Mont. 509, 264 Pac. 396; *Sawyer* v. *Somers Lumber Co.,* 86 Mont. 169, 282 Pac. 852; *Hardie* v. *Peterson,* 86 Mont. 150, 282 Pac. 494.)

The recitations in the affidavit would seem to be entirely inadequate to excuse the resort to the questionable practice of filing an admittedly inadequate pleading, out of time, with the undisclosed intention of thereafter substituting a sufficient pleading as a matter of grace when no right exists to do so. On the record, we cannot say that the court abused its discretion.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied January 21, 1936.