BETOR ET AL., RESPONDENTS, *v.* CHEVALIER, APPELLANT.

No. 8776.

Submitted March 15, 1948. Decided April 19, 1948.

193 Pac. (2d) 374.

338

Mr. Sherman W. Smith, and Mr. Lloyd J. Skedd, both of Helena, for appellant. Mr. Smith argued the cause orally.

Mr. Ralph J. Anderson and Mr. Albert C. Angstman, both of Helena, for respondents. Mr. Angstman argued the cause orally.

MR. JUSTICE METCALF delivered the opinion of the court.
. On June 7, 1924, B. Betor was appointed guardian of the estate of Georgette Betor, then seven years old. In his capacity as guardian B. Betor came into the possession of approximately $10,000 in cash as part of the estate belonging to his ward. On March 15, 1946, Georgette Betor filed a complaint in which she alleged that her guardian B. Betor had loaned P. H. Chevalier, the defendant, several thousand dollars from the funds of her estate, some of which had been repaid but that on July 1, 1937, there was still due and owing the sum of $3,760, and that these loans made by the guardian to the defendant from the funds

entrusted to him were made without authorization or confirmation of the court.

The plaintiffs alleged that on or about July 1, 1937, as evidence of the then existing indebtedness and as a new promise to pay, a promissory note was executed by the defendant in the sum of $3,760 due five years after date with interest at the rate of 4% per annum, payable to B. Betor. On April 4, 1940, the note was assigned to the plaintiffs Georgette Betor and Victoria Betor, her cousin. The plaintiffs pray for judgment in the amount of $3,760, together with interest at the rate of 4% per annum from the first day of July, 1937, and for attorneys' fees and costs of suit.

A motion to strike was interposed on March 30, 1946, and on that date district judge A. J. Horsky issued an order granting defendant 20 days in which to further plead. Thereafter Judges Horsky and Padbury disqualified themselves and Judge R. M. Hattersley was called in. On March 31, 1947, Judge Hattersley overruled defendant's motion to strike and ordered "that the defendant may have 20 days from the filing of this order with the clerk of the above entitled court *within which to file his answer* to the complaint of the plaintiffs on file herein. * * *" (Italics added.) Thereupon the defendant answered, generally denying the material allegations of the plaintiffs' complaint and as affirmative defenses alleging that the defendant had made a full, complete and final settlement of all amounts which he had borrowed from B. Betor and that the note for $3,760 which was executed by the defendant and payable to B. Betor was made with the understanding that it would not be paid until all of the other indebtedness of the Chevalier ranch had been satisfied; that the note was never delivered to B. Betor but was delivered to Sherman W. Smith, an attorney-at-law, Helena, Montana, and was kept by Mr. Smith at all times until the order of the court to produce it. As a further affirmative defense the defendant alleged that the cause of action was barred by virtue of section 9030, Revised Codes of Montana 1935.

In their reply the plaintiffs set up three separate grounds

for the avoidance of the defendant's plea of the statute of limitations, one of which was:

That the defendant on July 1, 1937, made and delivered to B. Betor his promissory note for $3,760 as an acknowledgment of the existing debt and as a new promise to pay.

The case was tried before a jury and they returned a verdict in favor of the plaintiffs in the sum of $3,760 with interest at 4% from July 1, 1937. Judgment on the verdict was entered and this appeal is from that judgment.

There was conflicting evidence on the issue as to whether the note was made with the understanding that it was not to be paid until all the other indebtedness of the Chevalier ranch was satisfied. The issue was presented to the jury and decided adversely to the defendant.

At the beginning of the trial, counsel for the defendant objected to the introduction of evidence or to the hearing of the case for the reason that as a result of Judge Hattersley's order requiring him to "file his answer" he was denied the right to demur or otherwise test the sufficiency of the complaint and was required to answer prematurely. The defendant never attempted to file a demurrer as he was authorized to do under Judge Horsky's order previously filed nor did he ever give the trial court an opportunity to correct or clarify the order about which he is complaining. If the defendant had believed himself prejudiced by the order requiring him to answer, he could have submitted a demurrer under the right given him by Judge Horsky's order or he could have requested the court for leave to file a demurrer under the provisions of section 9187, Revised Codes 1935. Failing to do either of these things he has waived his right to demur or move to make definite and certain. He did have an opportunity to test the sufficiency of the complaint because at the commencement of the trial he objected to the introduction of evidence on the ground that the complaint failed to state sufficient facts to constitute a cause of action. At this time the defendant also made a motion to require the plaintiff to elect, contending that the complaint was duplicitous in that a

cause of action on a promissory note and a cause of action on a debt owing to the guardianship estate of the plaintiff Georgette Betor were so intermixed that the complaint was ambiguous and unintelligible. It is true that the plaintiffs' complaint prayed for attorneys' fees and from that it might be inferred that the action was on the promissory note, but taking the complaint as a whole it is apparent that the plaintiffs were suing to recover a debt owed to the ward's estate and that they were relying on the promissory note only as a new promise to toll the statute of limitations. Thus there was but one cause of action, that of the original indebtedness. This was recognized by the court when he instructed the jury:

"You are instructed that the plaintiffs have elected to sue on the debt if any owed by the defendant to the estate of Georgette Betor and that the promissory note which has been introduced in evidence is to be considered by you only in determining whether it amounts to an acknowledgment of the previous indebtedness, if any, and promise to pay, for the purpose of avoiding the statute of limitations as elsewhere defined in these instructions."

The jury was also instructed that they could not include attorneys' fees in the amount of their verdict.

In his motion to require an election the defendant quoted from a brief filed by the plaintiffs in opposition to the motion to strike and in that brief the plaintiff stated that this was not an action on a promissory note but an action for a debt due the plaintiffs' estate. That was the theory of the case from its inception. It was tried on that theory and the jury was instructed on that theory. The defendant was informed of the issues from the beginning. The motion to strike and the motion to require the plaintiff to elect were properly overruled.

During the minority of the plaintiff Georgette Betor, her guardian had absolute control over the care and management of her estate subject to the authority of the court. Secs. 10407 and 10419, Rev. Codes 1935. But when she reached her majority she could sue in her own name for any debts due the

estate. Mitchell v. McDonald, 114 Mont. 292, 136 Pac. (2d) 536. The guardianship was terminated when the ward arrived at her majority (Mitchell v. McDonald, supra) but the guardian still had the duty of making a final accounting and settlement. Berkin v. Marsh, 18 Mont. 152, 44 Pac. 528, 56 Am. St. Rep. 565; 25 Am. Jur., Guardian and Ward, sec. 53. Assuming arguendo that the defendant is correct in his contention that on July 1, 1937, the statute of limitations had run so that neither the guardian nor the ward could have successfully prosecuted an action to collect the original debt, it was still the guardian's duty to make every effort to collect from the defendant for the benefit of his ward. It is uncontradicted that the money loaned the defendant came from the guardianship funds. Even though the statute of limitations had run on the debt, the debt itself was not discharged. The moral obligation to pay the debt still remained. Hicks v. Stillwater County, 84 Mont. 38, 274 Pac. 296; Berkin v. Healy, 52 Mont. 398, 158 Pac. 1020.

The original debt whether barred by the statute of limitations ▇ or not was sufficient consideration for the note and the new promise to pay. 34 Am. Jur., Limitation of Actions, sec. 298; Opitz v. Hayden, 17 Wash. (2d) 347, 135 Pac. (2d) 819; Easton v. Ash, 18 Cal. (2d) 530, 116 Pac. (2d) 433; Meridianal Co. v. Moeck, 121 Ore. 133, 253 Pac. 525. Therefore the promissory note executed on July 1, 1937, revived the obligation and the statute of limitations did not again begin to run until 1942, when the note came due. It is immaterial that the note was payable to B. Betor the guardian. As trustee for the ward, anything that he collected from the debtor would be for the benefit of the ward's estate and she acquired the same rights as her guardian had. Breese v. O'Brien, 102 Mont. 547, 59 Pac. (2d) 65.

But the defendant contends that it was error to admit the note in evidence because of insufficient evidence of the execution and identification of the note. However, Castie Betor, one of the witnesses for the plaintiffs, testified that the signature on the note was that of the defendant and identified the note admitted into evidence as a note given by the defendant to pay

the balance of the debt on July 1, 1937. This is sufficient to admit the note in evidence, sec. 10588, Rev. Codes 1935 and sec. 10591, and if believed by the jury, sufficient to sustain the jury's verdict.

The defendant's amended answer admits the execution of the promissory note identified by Castie Betor in the following language:

"VII. Denies the allegations of Paragraph VII, and in that connection alleges that the defendant herein and B. Betor agreed that if and when the Chevalier Ranch had fully repaid all of the indebtedness which was owed at that time, which was in excess of $130,000.00, that the Chevalier Ranch would pay to the said B. Betor the sum of $3,760.00, and that he, the said defendant, did then and there make a certain promissory note, promising and agreeing to pay the said B. Betor the sum of $3,760.00, providing the Chevalier Ranch had paid off and fully satisfied any and all indebtedness of every kind and nature which it then owed and that he delivered said promissory note into the hands of Sherman W. Smith, an attorney at Law of Helena, Montana, in the presence of B. Betor, and that the said B. Betor agreed at said time and place that he, the said defendant, would not have to pay said sum or any sum whatsoever to the said B. Betor until the Chevalier Ranch had fully repaid any and all indebtedness which it then owed; that said defendant, at said time and place, did not deliver said promissory note or any promissory note to the said B. Betor, and said B. Betor agreed definitely, at said time and place, that there was no consideration whatsoever for the making of said note, and that he, the said B. Betor, would never attempt to collect the sum of $3,760.00 or any sum from the said P. H. Chevalier, the defendant herein, and that the said P. H. Chevalier voluntarily offered to pay B. Betor said sum under the conditions as set forth aforesaid."

Error is also assigned because during the course of the trial and after plaintiff had rested, defendant requested leave to amend his amended answer in order to plead a release executed

by B. Betor to the defendant. This request was denied by the trial court. The court said: "Let the record show this court finds and concludes at this time that the complaint in this action was filed March 15, 1946; that when complaint was filed, defendant filed an answer and subsequently an amended answer; that the plaintiff has put in his proof in support of his complaint and rested and the defendant has introduced some evidence in support of his case or defense; and that if the amendment were allowed by the court, it would set up a separate and new defense to anything heretofore pleaded in the answer and that the amendment should not be allowed at this state of the proceedings if at all."

The allowance or denial of leave to amend during the course of the trial is within the sound discretion of the trial court. In the absence of an affirmative showing of abuse of discretion, this court will not disturb the order of the trial court. Sec. 9187, Rev. Codes 1935; Palmer v. Great Northern Ry. Co., Mont., 170 Pac. (2d) 768, 776; Granger v. Erie, 101 Mont. 170, 53 Pac. (2d) 443 and cases therein cited.

As pointed out by the court in the above quotation, such an amendment would have materially changed the issues of the case in the midst of the trial; the court cannot be said to have abused its discretion in refusing the amendment at such a late stage in the proceedings. Sellers v. Mont. Dakota Power Co., 99 Mont. 39, 52, 41 Pac. (2d) 44. Nor was the release admissible under the general denial. A release is an affirmative defense and must be specially pleaded. 45 Am. Jur., Release, Sec. 40; Collier v. Field, 2 Mont. 320, 324.

Furthermore, the release would not have been binding upon these plaintiffs. The funds loaned the defendant were guardianship funds. A guardian may not release, compromise or settle a debt due his ward's estate without authorization to do so from the court. Sec. 10418, Rev. Codes 1935. There was no showing in defendant's offer of proof that there had ever been such an authorization or confirmation of the court or that after

Georgette Betor had arrived at her majority she had authorized the execution of such a release.

Counsel for defendant insists that there is nothing in the record to show that the defendant was put on notice that he was borrowing guardianship funds. The loan was made by B. Betor and the note made payable to B. Betor and at all times it was defendant's belief that he was dealing with B. Betor's private estate. In support of this contention the defendant cites cases in which a bona fide purchaser for value of trust property is protected from the imposition of a constructive trust. 54 Am. Jur., Trusts, sec. 266 et seq. Those cases arise out of the application of the fundamental rule that equity will follow trust property wrongfully converted by a fiduciary and compel restitution to the beneficiary. 54 Am. Jur., Trusts, sec. 248; Restatement, Restitution, sec. 202.

But the principle asserted by the defendant is not applicable here. The jury's verdict was that the defendant owed the plaintiffs the sum of $3,760. In support of that verdict there is evidence that the defendant borrowed guardianship funds, part of which he has never repaid. The ward has a choice of remedies. She could have proceeded against her guardian who wrongfully lent the money or she could follow the money to the person to whom the money was lent and collect from him. The jury has found that the defendant owes the note. It is not a question of balancing the equities to determine whether a loss should be placed upon the beneficiary of the trust or upon the transferee, in this case the borrower. There is no loss here; the borrower received the money and it has never been repaid. Therefore the ward can collect from the borrower whether or not he had knowledge of the fiduciary nature of the funds at the time he originally borrowed the money.

If the constructive trust doctrine were proper, the case would not come under the rule protecting a bona fide purchaser for value; the equitable doctrine imposing a constructive trust on funds that have come into the hands of a third party without a valuable consideration would be the applicable rule.

Restatement, Restitution, section 204, reads as follows: "Where a person receives the title to property of which another has the beneficial interest without notice of the other's interest but without paying value, and being still without such notice exchanges it for other property, he is under a duty either (a) to surrender the property which he acquired in exchange, or, at his option, (b) to pay the value of the property which he originally received, the property which he acquired in exchange being subject to an equitable lien for such payment."

The defendant's obligation is to repay the money lent. If he had no notice that he had borrowed guardianship funds, he would still be obliged to repay the loan to the lender. Having received notice of the true nature of the funds he is obliged to repay the ward.

Error is assigned for the court's action in overruling defendant's motion for non-suit against plaintiff Victoria Betor. Under plaintiffs' theory of the case Victoria Betor had no claim to the fund. But she was one of the assignees of the note that the plaintiffs relied on to toll the statute of limitations and as against the defendant there was no prejudice in allowing her to remain in the case as one of the plaintiffs. Any disputes as to the ownership of the proceeds of the case is a matter strictly between the two plaintiffs.

No error appearing the judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Gibson and Angstman concur.

Rehearing denied May 25, 1948.