COTTINGHAM, ET AL., APPELLANTS, *v.* DOYLE, RESPONDENT
No. 8828.
Submitted January 17, 1949. Decided February 2, 1949,
and amended February 10, 1949.
202 Pac. (2d) 533.

C. N. Cottingham, pro se, of Fairview, Ray Barker, pro se, of Kansas City, and Desmod J. O'Neil of Glendive, for appellants. Mr. Cottingham argued the cause orally.

C. T. Sanders, of Sidney, for respondent. Mr. Sanders argued the cause orally.

MR. JUSTICE FREEBOURN:

On December 1, 1943, Ray Barker, an attorney of Kansas City, Missouri, and Thomas James Doyle, of the same place, signed a written contract whereby Barker was engaged to act as Doyle's attorney in matters arising from fraud practiced upon Doyle whereby he was induced to assign his one-third interest in the estate of Edward F. Doyle, deceased, to Ben Doyle.

Barker's fee was to be an amount equal to one-half of any amount recovered. He was to be reimbursed for all expenses.

Barker associated himself with C. N. Cottingham, a Montana attorney, and they commenced an action in the district court of Richland County, Montana, for Doyle. They were successful, obtaining judgment for Doyle, on February 13, 1946, whereby Doyle was given a one-third interest in the estate of Edward F. Doyle, deceased.

Thomas James Doyle died. His executor, Arthur H. Doyle, as the result of the efforts of Barker and Cottingham, received $5,584.20 in cash and a one-third interest in real property, consisting of some 736 acres of land. The attorneys also expended $35.80 of their own money as necessary expenses.

Receiving nothing for their services, Barker and Cottingham brought suit against several defendants to collect their compen-

sation, due under the written contract. The matter went to trial before a jury in the district court of Richland county, Montana, on December 4, 1947, on issues made by an amended complaint, answer thereto, and reply, against one defendant, Arthur H. Doyle, as executor of the estate of Thomas James Doyle, deceased. Judgment was for plaintiffs by directed verdict, on motion of defendant's counsel, in the amount of $1,000. From this judgment, plaintiffs appeal.

The amended complaint set out the written contract (offered as exhibit 1 in evidence) in full.

The answer denied the signing thereof by Doyle. As an affirmative defense it alleged that if Doyle did enter into the contract, he was, at such time, "in such poor physical health from lack of proper care and food that his mind had become impaired from the effects thereof" and was incapable of taking care of his own affairs. It admitted that Barker and Cottingham did perform services on behalf of Thomas James Doyle in the institution and carrying to a successful conclusion a certain civil action whereby there was restored to Thomas James Doyle his interest in the Edward F. Doyle estate, amounting to $5,-584.20 in cash and a one-third interest in certain real property. The answer further alleged the defendant was ready and willing to pay plaintiffs $1,000, the claimed reasonable compensation for the services rendered.

Appellants specify fifteen errors. One only need be considered. It is as follows:

"1. The court erred in sustaining the objection of counsel for defendant to plaintiff's offer of plaintiff's exhibit one, being the written agreement between Thomas James Doyle and Ray Barker as his attorney to recover a certain interest due said Doyle in the estate of one Edward F. Doyle and fixing the compensation to be paid for such services."

Plaintiff's exhibit 1 (the written contract) was offered in evidence. It was objected to "for the reason no proper foundation has been laid." This objection was sustained.

Complying with that part of section 10516, Revised Codes of

Montana 1935, applicable hereto, viz.: "There can be no evidence of the contents of a writing, other than the writing itself," the plaintiffs and appellants produced the writing, the written contract, in court. It was primary evidence and the best possible evidence of its existence and contents. Section 10494, Revised Codes of Montana 1935.

They went on to satisfy the requirements of section 10588, Revised Codes of Montana 1935, which is as follows:

"Any writing may be proved either:

"1. By any one who saw the writing executed; or,

"2. By evidence of the genuineness of the handwriting of the maker; or,

"3. By subscribing witness."

Barker testified he made the writing; that he signed it as a party thereto, and saw it signed by Doyle. Cottingham also testified to the genuineness of Doyle's signature thereon, he being familiar with the same. The writing spoke for itself. This was sufficient proof and foundation, under the foregoing statute to show execution of the writing and to make it admissible in evidence.

See Betor v. Chevalier, Mont., 193 Pac. (2d) 374, 377.

Refusal to admit appellants' exhibit one in evidence worked injustice upon them. It constituted an abuse of discretion and was prejudicial error.

Judgment is reversed and the cause remanded for a new trial.

Mr. Chief Justice Adair and Associate Justices Angstman, Metcalf and Bottomly concur.