BROWN, RESPONDENT, *v.* FOSTER, APPELLANT.

(No. 3,369.)

(Submitted September 24, 1913. Decided October 17, 1913.)

[135 Pac. 993.]

*Election Contests—Cities and Towns—Aldermen—Eligibility— Residence—Statutory Construction.*

Cities and Towns—Aldermen—Eligibility—Residence—Statutory Construction.
    1. *Held,* that the provision of section 3228, Revised Codes, that no person shall be eligible to any elective or appointive municipal office who has not resided in the city or town for at least two years immediately preceding his election or appointment, applies to officers (aldermen in the instant case) elected at the first election after the incorporation of a town.

Statutory Construction.
    2. Articles of the same Chapter of the Codes, when dealing with the same subject and not in conflict with each other, must be construed together.

Same.
    3. Under subdivision 3, section 3562, Revised Codes, the division of the Codes into Parts, Titles, Chapters, Articles and Sections, is a mere device for convenience, and no implication or presumption of a legislative construction is to be drawn therefrom.

*Appeal from District Court, Park County; Albert P. Stark, Judge.*

ELECTION CONTEST by W. E. Brown against Victor W. Foster. Judgment for the contestant, and the contestee appeals. Affirmed.

*Messrs. Miller & O'Connor,* for Appellant, submitted a brief; *Mr. Jas. F. O'Connor* argued the cause orally.

*Messrs. John T. Smith & Son,* and *Mr. Fred. L. Gibson,* submitted a brief in behalf of Respondent; *Mr. Gibson* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Victor M. Foster having been declared elected alderman from the second ward of Clyde Park, this proceeding was instituted to contest his right to the office upon the ground that at the time of the election he had not been a resident of the town of Clyde Park, or of the second ward thereof, or of the territory embraced within either for two years immediately preceding his election.  Upon the trial the court found these charges to be sustained and concluded that the contestee was ineligible to the office.  A judgment was rendered and entered ousting him and canceling his certificate of election.  From that judgment this appeal is prosecuted.

The election was the first after the incorporation of the town of Clyde Park, and this appeal raises but a single question, *viz.:* Does section 3228, Revised Codes, apply to officers elected at such an election?  The section reads as follows: "No person is eligible to any municipal office, elective or appointive, who is not a citizen of the United States, and who has not resided in the town or city for at least two years immediately preceding his election or appointment, and is not a qualified elector thereof."

The history of a statute frequently furnishes the very best key to its interpretation.  Prior to 1887 there were not any general municipal laws in the territory of Montana.  Cities were incorporated and governed by special Acts, and the provisions of these several special statutes were not at all harmonious.  In one city the qualifications of an alderman were much more exacting than in another.  In an Act entitled "An Act relating to the

formation of municipal corporations," approved March 10, 1887, is to be found our first general Municipal Act. It was comprehensive and covered the subject of municipal organization and control thoroughly. It was incorporated in the Compiled Statutes of 1887 as Chapter 22, Fifth Division, General Laws, sections 315–440. The Act provided for the incorporation of cities and towns, for the annexation of additional territory, for municipal elections, enumerated the officers of towns and of cities of the different classes, and defined the duties of each. Section 364 prescribed the qualifications of the mayor, and section 365 the qualifications of an alderman. In each there was the provision that he must be a taxpaying freeholder. By an Act of the fifteenth extra session, approved September 14, 1887, these two sections were amended by omitting the "freeholder" requirement. Other amendments to the Act were made in 1889 and 1893. When the Code Commissioners submitted to the legislature the drafts of the proposed Codes, they accompanied them with a brief report giving something of the history of the different provisions in a general way. Speaking of the laws for the government of counties, cities, and towns (secs. 4100–5133, Political Code), the commissioners said, "Existing statutes have been followed as far as practicable"; and a comparison of the Municipal Act of 1887, as amended, with the draft of the Municipal Code as submitted, discloses that the commissioners had found it practicable to use most of the existing statutes. Many of these sections are copied *verbatim,* while the general framework of the Act of 1887 is preserved. However, in lieu of sections 364 and 365, above, prescribing, respectively, the qualifications of mayor and alderman, the Code Commissioners substituted a single section (section 4752, Political Code, now section 3228, Revised Codes, above) fixing the qualifications of all municipal officers, whether elected or appointed. The Political Code was passed and approved substantially in the form in which it was submitted, and no change whatever was made in section 4752. On March 7, 1895, the same legislature which had theretofore, on February 25 of the same year, passed the Political

Code, also passed an Act entitled "An Act to amend sections 364 and 365 of the Fifth Division, Compiled Statutes of Montana, and the amendments thereto approved September 14, 1887." The effect of this amendment was to restore the provision that the mayor or alderman must be a freeholder, and those two amended sections were incorporated in the Political Code as sections 4749 and 4753, respectively.

In its plan the general Municipal Act of 1887 was a single bill having 126 sections. When codified, it was treated as one chapter (Chapter 22, Fifth Div., Comp. Stats., above). The Code Commissioners arranged their proposed Codes in Parts, Titles, Chapters, Articles, *etc.*, and their proposed municipal statutes were all under Title 3, Part 4, of the Political Code. The proposed statute upon the subject, "Organization and government of cities and towns," was found in Chapter 3, and this Chapter was subdivided into Articles. These provisions thus arranged were all adopted without substantial change. Article 1 of Chapter 3 is entitled "Proceedings for the organization of a city or town and adding contiguous territory." Article 2 is entitled "Officers and elections." The first four sections of Article 1 deal with the incorporation of cities and towns and the election of the first complement of officers. In their preparation the Code Commissioners simply borrowed sections 315, 316 and 318 of the Compiled Statutes above, with their amendments. There is not a single substantial change, even in verbiage. The remaining sections of Article 1 deal with additions and are substantially copied from sections 319, 321, and 322 of the Compiled Statutes. In the remaining Articles of Chapter 3 the commissioners departed somewhat more generally from the Municipal Act of 1887 with its amendments, but covered every subject in the same general way.

The Municipal Act of 1887 was a comprehensive whole. Its language throughout forbids the assertion that the qualifications prescribed for mayor and alderman did not apply to those chosen at a first election after incorporation, as well as to like officers chosen at subsequent elections. Throughout all the amendments

made to that Act the same general unity of plan was preserved. In borrowing from it so liberally it would seem that the Code Commissioners and the legislature of 1895 must have had in mind the same purpose as the legislature of 1887, *viz.*, a comprehensive Code of Laws applicable to a municipal corporation from its organization and dealing with its formation, its officers and agents, its powers and its duties. Section 4752, as reported by the Code Commissioners, was retained, but apparently the legislature was not fully satisfied with it and amended sections 364 and 365; and, by thus restoring to the law the provision that the mayor or alderman must be a taxpaying freeholder, the legislature evinced its purpose again to preserve, as far as practicable, the plan and the provisions of the Municipal Act of 1887.

Counsel for appellant contend, however, that, since section 3228 is found in Article 2 of Chapter 3, it ought not to be construed as applicable to officers whose election is provided for in Article 1 of that Chapter. They insist that "these two Articles are absolutely independent of each other." But, if they are independent of each other for any purpose, they are for all purposes, and counsel's argument pursued to its legitimate conclusion, if adopted, would lead to this result: That between a first election after incorporation and the next annual municipal election the newly incorporated city or town would have a full quota of officers, but they would be without authority to act and could not receive any salaries or other compensation, for the provisions for salaries are found in Article 2, while the statutory delegation of powers is found in other Articles of Chapter 3. This absurd conclusion only emphasizes the fallacy of the argument and serves to impress the idea that the entire Municipal Code, comprising all of Title 3 (sections 3202–3549), is to be treated as one statute whose provisions are interdependent.

But appellant's position is untenable for another reason. In the absence of any statutory rule we would be required to construe the two Articles together, if possible, for they are [2] both of the same Chapter, which deals with one subject.

*(Hardesty* v. *Largey Lumber Co.,* 34 Mont. 151, 86 Pac. 29.)
This, however, is the rule of construction provided by the Codes
for their own interpretation. (Sec. 3554, Rev. Codes.) There is
not any conflict between Article 2 which prescribes the qualifi-
cations of an alderman, and Article 1 which does not, and there-
fore the rule of section 3557, Revised Codes, has no application.
It is only in case of conflicting provisions that the rule which
requires one Article to be treated independently of another can
be invoked. The division of the Codes into Parts, Titles, Chap-
[3] ters, Articles, and sections is a mere device for convenience,
and no implication or presumption of a legislative construction is
to be drawn therefrom. (Subd. 3, sec. 3562, Rev. Codes.)

From its legislative history and its obvious meaning, when
viewed in the light of the elementary rules of construction, our
conclusion is that section 3228, above, is of general application
in the Municipal Code and controls aldermanic candidates who
aspire to office at a first election after incorporation, as well as
to those who seek like honors at subsequent elections, and that
the trial court's conclusion from the undisputed facts is correct.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.