## P. L. TURNER REAL ESTATE COMPANY v. ANSON ET AL.
### (No. 768).

APPEAL AND ERROR—DEMURRER—EXCEPTIONS—BILL OF EXCEPTIONS—JUDGMENT.

1. A plaintiff cannot complain on error of a ruling sustaining a demurrer to the petition, where the record does not show an exception to the ruling.
2. A paper signed only by the attorney for the plaintiff and indorsed "bill of exceptions", reciting the sustaining of defendant's demurrer to the petition, that plaintiff objected and excepted thereto, and also objected and excepted to the judgment, though filed in the cause, is not a bill of exceptions, and cannot be considered for the purpose of showing an exception to the ruling upon the demurrer.
3. Where the journal entry of an order sustaining a demurrer to the petition in a cause shows that the ruling was duly excepted to, a bill of exceptions is not necessary for the consideration of such ruling on error.
4. Where a demurrer is sustained to the petition, and plaintiff refuses to plead further, it is proper for the court thereupon to render judgment for the defendant dismissing the action.

[Decided September 8, 1914].                (142 Pac. 1052).

ERROR to the District Court, Uinta County; HON. DAVID H. CRAIG, Judge.

The action was brought by P. L. Turner Real Estate Company against Thomas W. Anson and Vinnie Anson. A demurrer to the petition was sustained, the plaintiff refused to plead further, and thereupon judgment was rendered for the defendants dismissing the action. The Plaintiff brought error.

*R. S. Spence,* for plaintiff in error.

*Abraham Crawford* and *S. T. Corn,* for defendants in error.

POTTER, JUSTICE.

The judgment complained of in this case was rendered in favor of the defendants below dismissing the action, following an order sustaining a demurrer to the plaintiff's petition, and the refusal of the plaintiff to plead further. The petition was demurred to upon two grounds: (1) That it does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or either of them. (2) That the plaintiff has no legal capacity to sue. It is contended only as ground for reversal that the court erred in sustaining the demurrer. The plaintiff in error is not in a position to complain here of that ruling for it does not appear by the record to have been excepted to. The single journal entry showing the ruling upon the demurrer, the refusal of the plaintiff to plead further, and the judgment does not show the taking of any exception. We find among the original papers sent to this court a paper signed only by the attorney for the plaintiff and indorsed "Bill of Exceptions", reciting the sustaining of the demurrer of the defendants and that plaintiff objected and excepted thereto and also objected and excepted to the judgment entered in the cause. The paper seems to have been filed in this cause, although in the body thereof and in the indorsement of the title thereon P. L. Turner is named as the plaintiff, while in the pleadings and process in the court below, as well as in the petition in error in this court, the plaintiff is named "P. L. Turner Real Estate Com-

pany." It is marked filed as of the day preceding the date when it appears by the record that the demurrer was sustained and the judgment entered. But assuming the paper to have been filed after the ruling upon the demurrer and to refer to the ruling here complained of, it is very clear that it cannot be considered for the purpose of showing an exception to said ruling. It is not a bill of exceptions, nor would a bill of exceptions have been necessary if an exception to the ruling had been taken and properly noted. The plaintiff having refused to plead further after the demurrer was sustained it was proper for the court to render the judgment that was entered, and no proper exception having been taken to the ruling sustaining the demurrer it follows that the judgment must be affirmed.

SCOTT, C. J. and BEARD, J., concur.