STATE EX REL. HART–PARR CO., RELATOR, *v.* DISTRICT
COURT, RESPONDENT.

(No. 4,638.)

(Submitted May 25, 1920. Decided June 1, 1920.)

[190 Pac. 982.]

*Supervisory   Control—Default   Judgments—Setting   Aside—*
*Notice—Affidavit of Merits—Copy of Proposed Answer.*

Default Judgments—Setting Aside—Notice.
　　1. Under section 6589, Revised Codes, plaintiff was entitled to
　　notice of defendants' motion to set aside their default; without
　　such notice the trial court was without authority to set it aside.

Same—Affidavit of Merits—Copy of Proposed Answer.
　　2. *Held,* on supervisory control, that defendants' motion to set
　　aside their default and permit them to answer on the ground of
　　excusable neglect was insufficient in the absence of an affidavit of
　　merits and a copy of their proposed answer.

Original application for writ of supervisory control on the
relation of the Hart-Parr Company to annul an order of the
District Court of Musselshell County setting aside a default
judgment.   Order annulled.

*Mr. John McKenzie,* for Relator, argued the cause orally.

*Mr. Carl N. Thompson,* for Respondent, argued the cause
orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion
of the court.

This is an original application to this court for an order,
under its supervisory power, annulling an order of the district
court of Musselshell county.

On February 4 of this year, in an action pending in the
district court of Musselshell county in which the relator is
[1, 2]   plaintiff and Mike Kerzan and others are defendants,
default was duly and regularly entered against all of the de-
fendants for their failure to appear within the time allowed
by law for that purpose.   The purpose of the action is to ob-

tain a decree for the foreclosure of a mortgage held by the relator upon real estate situated in Musselshell county. Before the plaintiff applied to the court for the relief demanded, the defendants filed a motion asking that the default be set aside and that they be permitted to file their answer, on the ground that their failure to appear was due to their excusable neglect. The plaintiff was not given notice of the motion, nor was it supported either by an affidavit of merits containing a statement of facts constituting the defendants' defense or by a copy of the proposed answer. The plaintiff was entitled to notice of the motion. (Rev. Codes, sec. 6589.) In the absence of notice, the court had no authority to make the order. But, even if the notice had been given, the showing made in support of the motion was wholly insufficient. It was substantially the same as that considered in the recent case of *Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315. It was there held that, however meritorious the motion may have been in other respects, it was wholly insufficient to move the discretion of the court because of the absence of the affidavit of merits or a copy of the proposed answer.

For these reasons, the order is annulled.

*Order annulled.*

Associate Justices Holloway, Hurly, Matthews and Cooper concur.