STATE EX REL. DUFFY ET AL., RESPONDENTS, *v.* JUSTICE
OF THE PEACE COURT ET AL., APPELLANTS.

(No. 5,376.)

(Submitted January 10, 1924. Decided January 29, 1924.)

[222 Pac. 1055.]

*Certiorari—Record on Appeal—Justices' Courts—Summons—Insufficiency—Jurisdiction.*

*Certiorari*—Record on Appeal.
    1. On appeal from a judgment of the district court on *certiorari* annulling a default judgment rendered by a justice's court, the record consists of the judgment-roll which embraces "a copy of the judgment, signed by the clerk, entered upon or attached to the writ and return" (sec. 9846, Rev. Codes 1921), and therefore the affidavit upon which the writ was issued, the sufficiency of which was not attacked in the trial court, was not properly a part of the record.

Justices' Courts—Service of Summons—Insufficiency—Jurisdiction.
    2. Under section 9632, Revised Codes of 1921, the time within which the summons in an action commenced in a justice's court is returnable is fixed at not less than four days; hence where service of summons was made less than four days before time for appearance expired, the justice did not acquire jurisdiction over the person of defendant, and a judgment entered upon such service was void.

*Appeal from District Court, Lewis and Clark County; Wm. H. Poorman, Judge.*

WRIT OF REVIEW by the State, on the relation of F. D. Duffy and Augusta Duffy, against the Justice of the Peace Court in and for the Township of Spokane, County of Lewis and Clark, and F. M. Pyle, Justice of the Peace. From a judgment annulling and setting aside a judgment of the justice court, respondents appeal. Affirmed.

*Mr. C. A. Spaulding,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Clinton & Thorne,* for Respondents, submitted a brief.

MR. JUSTICE STARK delivered the opinion of the court.

This action was instituted in the district court to secure a writ of review, the purpose of which was to annul and set aside a default judgment entered against relators in the justice court of Spokane township, Lewis and Clark county.

Upon the filing of an affidavit by relators, a writ was issued directed to the respondents, requiring them to certify to the district court the record of the cause in question. To this affidavit there was attached, as Exhibits "A," "B," and "C," what purported to be a complete copy of all of the proceedings in the cause in the justice court, the same consisting of the complaint, the summons with the sheriff's return of service indorsed thereon, and the docket entries on the justice's docket showing the entry of the judgment complained of.

On the return day of the writ the respondents appeared by counsel, whereupon it was stipulated between the respective parties that the Exhibits "A," "B," and "C" attached to the relator's affidavit constituted the entire record of the justice's court and that the same should be considered as the respondents' return to the writ. Thereupon the matter proceeded to a hearing, which resulted in a judgment annulling and setting aside the judgment entered in the justice's court, from which the respondents have appealed.

Three errors are assigned in appellants' brief, but counsel states: "They present but a single question, namely, whether the affidavit [on which the writ of review was issued] suffices to state a cause of action."

On the part of relators it is contended that the above-[1] mentioned affidavit is not now before the court and cannot be considered on this appeal. This contention must be sustained. The sufficiency of this affidavit was not attacked in the district court by demurrer, motion to quash, or otherwise.

The only papers before this court for consideration are those embraced in the judgment-roll, which in a proceeding for a writ of review consists of "a copy of the judgment, signed by the clerk, entered upon or attached to the writ and return."

(Sec. 9846, Rev. Codes 921.)    This section is identical with section 1950 of the Code of Civil Procedure of 1895. In *State ex. rel. Grissom* v. *Justice Court*, 31 Mont. 258, 78 Pac. 498, which was an appeal from a judgment entered in proceedings for a writ of review, the court said: "An appeal to this court from the judgment entered in the district court brings before us for review any questions appearing on the judgment-roll, as described in section 1950, above, and in the consideration of such questions no other papers than those mentioned in section 1950 are or could be properly before this court." In California an identical statute has received the same construction in *Reynolds* v. *County Court*, 47 Cal. 604, *Rauer* v. *Justice Court*, 115 Cal. 84, 46 Pac. 870, and *Stoner* v *City Council*, 8 Cal. App. 607, 97 Pac. 692. See, also, *State ex rel. First T. & S. Bank* v. *District Court*, 50 Mont 259, 146 Pac. 539, where it is stated: "When the writ is issued the affidavit becomes *functus officio.*"

The return which is included in the judgment-roll shows [2] that relators herein were defendants in the case brought in the justice's court. The complaint in that action was filed on May 15, 1923, and thereupon summons issued which was made returnable on May 24, 1923. The sheriff's return indorsed thereon shows that service of the summons was made upon defendants in that action on May 21, 1923, or less than four days before the time for appearance as specified therein, as required by section 9632, Revised Codes of 1921. This service was not sufficient to give the justice's court jurisdiction over the persons of the defendants in that action. (16 R. C. L. 372; 24 Cyc. 521.) For this reason the judgment entered in the justice's court upon such service was void and was properly set aside by the district court in this proceeding.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.