HAGEN-RATCLIFF & COMPANY *et al. v.* EMMA J. GROBE *et al.*

(No. 7562)

Submitted April 19, 1933.    Decided April 25, 1933.

*Daugherty & Daugherty,* for appellants.

*Leo Loeb,* and *Samuel Biern* and *T. Selden Jones,* for appellees.

KENNA, JUDGE:

This appeal was granted to a decree of the circuit court of Cabell County entered September 12, 1932, in a judgment lien creditor's suit, in which Hagen-Ratcliff & Company were plaintiffs and Emma J. Grobe and others were defendants. The purpose of the suit was to enforce certain judgment liens of the plaintiff, and, as an incident to that relief, to set aside certain conveyances made by the defendant to land in Cabell County.

Process issued August 19, 1931, was served the same day and returned to September Rules, 1931. No bill of complaint was filed until July Rules, 1932. On September 12, 1932, a decree was entered filing the petition of Sehon-Stevenson & Company praying to be made party plaintiff, granting that prayer, adjudicating claims, and ordering a sale of the property described in the bill of complaint. An appeal to this court was allowed from that decree on January 30, 1933. On January 31, 1933, the circuit court entered a decree vacating the decree of September 12, 1932, as having been improvidently awarded, making Luther Wood, Alex Wolfe, and L. A. Pollock, trustee, parties defendant, and remanding the cause to rules for process and to be matured as to the new parties. On February 15, 1933, the appeal was made effective by the giving of the appeal bond.

Hagen-Ratcliff & Company and Sehon-Stevenson & Company, appellees, now ask leave to confess error in the decree of September 12, 1932, to the extent only of permitting that decree to be reversed and the cause remanded for further proceedings in the circuit court of Cabell County, insisting that the effect of that decree was to re-instate the cause, which they concede stood dismissed for failure of the plaintiff to file its bill of complaint before the expiration of three rule days after the rules at which the process was returned executed. The appellant resists this motion and contends that the decree of September 12, 1932, is void because at that time, in consequence of the provisions of the statute just referred to, plaintiff had no pending cause in which a decree could be entered. They insist that plaintiff's bill be dismissed here.

594

It is conceded that as of September 12, 1932, this cause stood dismissed for failure of the plaintiff to file his bill of complaint seasonably under Code 56-4-7. With a cause dismissed for this reason, there is one thing, and one thing only, that can be done without notice under the statute which prescribes that within three terms after the order of dismissal shall have been made the court may, on motion, re-instate the cause. Another statute, Code, section 13, article 8, chapter 56, prescribes that no suit so re-instated shall be proceeded in until the defendant therein shall have at least twenty days personal notice in writing, etc. This decree of September 12, 1932, does not lodge or mention a motion to re-instate, nothing in it appears to have directed the attention of the court to the fact that the cause stood dismissed. It files the petition of Sehon-Stevenson & Company, makes it party plaintiff, proceeds to adjudicate and decree the liens and order a sale of the defendants' property. None of the things that this decree purports to do could be validly done even after a valid order of re-instatement, except upon twenty days' written notice to the opposite party. Yet, we are asked to say that this decree, containing nothing that the court could validly do, operates as an order of re-instatement of 'the cause. In other words, that a decree, which could not do the things that it undertakes to do, did in fact do something that it does not purport to do. We cannot so hold. The circuit court of Cabell County, on September 12, 1932, could do just one thing in this cause. On motion, it could re-instate it. There was no such motion and the court did not re-instate the cause. To hold that an order, other than an order of re-instatement, could operate, from the mere fact of its entry, to re-instate the cause, would not only do violence to the statute itself but would have the practical effect of doing away with the necessity for motions to re-instate and for orders which expressly do so. There is nothing to show that the court by entering its decree of September 12, 1932, had actual knowledge of the fact that the cause stood dismissed. We cannot perceive under the circumstances how it could be said that the purpose and effect of that order was to re-instate a cause, when the entire order indicates that it was entered by the trial court under the misapprehension that the cause was on the docket.

It was a decree of sale. Certainly, the court and counsel thought the cause was on the docket. If the court believed the cause was on the docket, certainly the court was not trying to re-instate it. We are therefore asked to hold that the trial court did something that it could not conceivably have had in mind.

The decree of the circuit court of Cabell County, entered in this cause on September 12, 1932, is reversed and held for naught and the plaintiff's bill is dismissed.

*Reversed; bill dismissed.*