STATE ex rel. WALKER, Relatrix, *v.* BOARD of COM'RS.
of FLATHEAD COUNTY, Respondents.

No. 8745

Submitted September 26, 1947. Decided November 3, 1947.

187 Pac. (2d) 1013

414

Mr. Ambrose G. Measure, Mr. James B. O'Flynn, Mr. D. Gordon Rognlien and Mr. Marshall H. Murray, all of Kalispell, for appellant.

Messrs. Walchli & Korn, and Mr. Merritt N. Warden, all of Kalispell, for respondent.

MR. JUSTICE METCALF delivered the opinion of the Court.

On June 22, 1945, a petition to vacate and abandon a road on the west shore of Flathead Lake was filed with the board of county commissioners of Flathead county. After due notice and hearing before the board on July 17, 1945, the road was ordered abandoned.

On January 22, 1946, the relator applied to the district court for a writ of certiorari to review the order of the board of county commissioners of Flathead county to abandoning the road. Affidavit of relator and petition for writ were filed and the writ issued on January 22, 1946. On February 11, 1946, the return date for the writ, the board of county commissioners appeared by motion to quash and dismiss the writ. The clerk of the board also made return as ordered. The motion to quash was at this time denied and the matter continued until Febru-

ary 20, 1946. On that date a motion to strike certain matter from the return was filed and denied by the court. Evidence was then introduced, the motion to quash reargued and taken under advisement by the court. Thereafter, on May 3, 1946, the court made an order reciting that "the respondent having filed and presented its motion to quash said writ upon various grounds, among them being that it does not appear from relator's affidavit and application that relator is a party beneficially interested in the proceeding; and the court having denied the motion and heard the parties upon the return filed by respondent, and the court having further considered said motion to quash, now determines that said motion should have been granted, and said motion is now granted, and it is hereby ordered that said writ be quashed and the proceeding dismissed."

On May 28, 1946, an amended application for writ of certiorari was filed, and a new writ of certiorari issued and served. On June 5, 1946, the respondent board of county commissioners filed a motion to quash and dismiss the amended application, a motion to strike the amended application and at the same time an affidavit disqualifying Judge Dean King.

Judge Ben Harwood was called in to assume jurisdiction and on July 11, 1946, he heard the motion to quash and consider the return that had been previously filed, which was by stipulation made the return to the second writ.

On January 13, 1947, an order was made and memorandum opinion rendered. Judge Harwood found that the relator was a party beneficially interested under section 9838, Revised Codes, and that the petition to vacate and abandon the road did not comply with section 1635, Revised Codes 1935, and further found that the petition was not signed by the requisite number of signers and was therefore void on its face. Thereupon the order of the board of county commissioners of Flathead county, vacating and abandoning the road in question, was annulled. It is from this decision of Judge Harwood that this appeal is taken.

The board of county commissioners, respondent below and appellant herein and hereinafter designated as appellant, has brought up a record which consists of the original affidavit and application for writ of certiorari, the order for the original writ of certiorari, the writ, the motion to strike and motion to quash, the return on the original writ, the order of Judge Dean King dismissing the proceedings, the amended affidavit and application for writ, the order issuing the second writ, the second writ, the motion to quash and motion to strike the second writ, the affidavit of disqualification of Judge Dean King and the order calling in Judge Ben Harwood and Judge Harwood's order setting aside and annulling' the action of the board of county commissioners together with the notice of appeal, minute entries and certificates.

Respondent, the relator below, and hereinafter designated ▉ as relator, filed a motion to dismiss the appeal on the grounds that the appellant has failed to furnish the requisite papers, that the record fails to set forth a sufficient judgment roll and that no bill of exceptions has ever been made, filed or served.

There is no merit in this motion. Section 9846, Revised Codes, sets forth the minimum contents of the judgment roll in an appeal: ''A copy of the judgment, signed by the clerk, entered upon or attached to the writ and return, constitutes the judgment-roll.''

The relator has also moved to strike all of the matter in the ▉ record except Judge Harwood's order setting aside the proceedings of the board of county commissioners, the second writ of certiorari issued, the return on the second writ and the notice of appeal. It is contended that section 9846, Revised Codes, supra, requires that all the matter not specifically enumerated therein be incorporated in a bill of exceptions in order to be brought before this court on appeal. While section 9846 does set forth the minimum contents of the judgment roll, it does not follow that only the papers therein enumerated may

be incorporated in the judgment roll. In State ex rel. Duffy v. Justice of the Peace Court, 69 Mont. 450, 222 Pac. 1055, the question was "whether the affidavit [on which the writ of review was issued] suffices to state a cause of action." It was there contended that the affidavit was not before the court and could not be considered on appeal. The court said, "This contention must be sustained. *The sufficiency of this affidavit was not attacked in the district court by demurrer, motion to quash or otherwise.*" (Emphasis added.)

"The only papers before this court for consideration are those embraced in the judgment roll, which in a proceeding for a writ of review consists of 'a copy of the judgment, signed by the clerk, entered upon or attached to the writ and return.' Section 9846, Rev. Codes 1921." It is implicit in this decision that had the affidavit been attacked by demurrer or motion to quash or otherwise a different result would have been reached.

In the instant case the affidavit for the writ was attacked by a motion to quash and successfully so, the writ was quashed and the proceeding dismissed. Thereafter an amended affidavit and application for a writ was filed and this too was attacked by motion to quash. Among other things the motion to quash the second writ was based on the proposition that the amended affidavit and application had been issued in a proceeding that had been previously dismissed. Such a motion was directed specifically at the jurisdiction of the court to issue the second writ.

Section 9846 must be construed with other statutes relating to appeal and effect given to all as if they were all parts of the same statute. Sec. 5522, Rev. Codes; Durland v. Prickett, 98 Mont. 399, 39 Pac. (2d) 652.

Appellants are appealing from a final judgment entered in a special proceeding. Sec. 9731, Rev. Codes. On such appeal the record consists of the judgment roll, as defined in section 9409, all bills of exception settled and filed and a copy of the notice of appeal. Sec. 9402, Rev. Codes.

418

Section 9409 declares the following papers constitute the judgment roll: "* * * (2) * * * *the pleadings,* a copy of the verdict of the jury, or finding of the court or referee, all bills of exceptions taken and filed, *all orders, matters, proceedings deemed excepted to without bill of exceptions,* and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment." "Orders, matters [and] proceedings deemed excepted to" are defined in section 9387, Revised Codes: "Every order, ruling, and decision of every kind and nature made and entered by any court, judge, or referee, and every verdict, finding. decree, .or judgment of a court is deemed excepted to, and it shall not be necessary to ask for or note an exception, but nothing herein contained shall be deemed to dispense with the necessity of making objections, nor to dispense with the preparation of a bill of exceptions in all cases in which the same is required by law, * * *."

Bank of Commerce of Owensboro v. Fuqua, 11 Mont. 285, 28 Pac. 291, 292, 14 L. R. A. 588, 28 Am. St. Rep. 461, propounded the rule here applicable: "* * * when the order, decision, ruling, or other matter deemed excepted to by law is apparent upon the face of the pleadings, no formal bill of exceptions is necessary in order to have the ruling reviewed on appeal based upon the judgment roll."

Judge Harwood's final order overruled appellant's motion to quash and brought squarely into issue the question of the effect of Judge King's original order dismissing the case. Since Judge Harwood's order was one of those deemed excepted to by section 9387 and the matter concerned only the pleadings and official orders of the court, the matter was properly incorporated in the judgment roll. Analogous cases from other jurisdictions are: Crebbin v. Shinn, 19 Colo. App. 302, 74 Pac. 795; Taylor v. McCormick, 7 Idaho 524, 64 Pac. 239; Turner Real Estate Co. v. Anson, 22 Wyo. 383, 142 Pac. 1052; Harper v. Lichtenberger, 59 Nev. 495, 92 Pac. (2d) 719, 98 Pac. (2d) 1069, 99 (2d) 474; Zion's Savings Bank & Trust Co. v. Moun-

tain Lakes Poultry Farms, 98 Utah 410, 100 Pac. (2d) 212; Fritsche v. McCue, 34 Cal. App. (2d) 46, 92 Pac. (2d) 928.

Having determined that the original order dismissing the action and appellant's second motion to quash are properly part of the record, it is next neecssary to ascertain the effect of such dismissal on the subsequent pleadings. The order does not grant leave to amend and there is nothing in the record to show that the relator applied for leave to amend at the time the first motion to quash was sustained and the action dismissed.

When a motion to quash is sustained, it is within the discretion of the trial court either to allow an amendment or to give judgment forthwith. Sec. 9187, Rev. Codes; Shampagne v. Keplinger, 78 Mont. 114, 252 Pac. 803; Granger v. Erie, 101 Mont. 170, 53 Pac. (2d) 443.

Judge King's order sustaining the motion to quash and "dismissing the proceeding" was a judgment in that it disposed of the case finally. Sec. 9313, Rev. Codes. It is immaterial that it is designated an "order." "An order dismissing an action is a final judgment." State ex rel. Duckworth v. District Court, 107 Mont. 97, 100, 80 Pac. (2d) 367, 368; State ex rel. Meyer v. District Court, 102 Mont. 222, 225, 57 Pac. (2d) 778, and cases therein cited, and see State ex rel. Shing v. Lenahan, 17 Mont. 518, 43 Pac. 712.

After a judgment of dismissal no amendment could be made in the absence of a motion to vacate or set aside the judgment (41 Am. Jur., "Pleadings" sec. 298, p. 496; annotation in 106 A. L. R. 571), except to correct clerical mistakes. Eadie v. Eadie, 44 Mont. 391, 120 Pac. 239, Ann. Cas. 1913B, 479; State ex rel. McHatton v. District Court, 55 Mont. 324, 176 Pac. 608.

The judgment of dismissal terminated the case (King v. Superior Court, 12 Cal. App. (2d) 501, 56 Pac. (2d) 268) and could be reviewed or set aside and further proceedings had therein only in the manner prescribed by statute. State ex rel. McCatton v. District Court, supra.

If the ruling of the trial court in dismissing the action was ▆▆ so unexpected as to surprise counsel, he could proceed under section 9187 and move to set aside the judgment of dismissal as one "taken against him * * * through [his] mistake, inadvertence, surprise, or excusable neglect" (Brush v. Big Bear Lake Tavern, 29 Cal. App. (2d) 69, 84 Pac. (2d) 180, 182; Risco v. Reuss, 45 Cal. App. (2d) 243, 113 Pac. (2d) 914; Fallon v. Superior Court, 33 Cal. App. (2d) 48, 90 Pac. (2d) 858), but an application to set aside the judgment must first be made (Gomes v. Warn, 33 Cal. App. (2d) 313, 91 Pac. (2d) 214) and failure to make such an application is not justified by the assertion that such a request would have been useless. Powell v. Lampton, 30 Cal. App. (2d) 43, 85 Pac. (2d) 495. Relief under the provisions of section 9187 can only be granted "after notice to or in the presence of the adverse party." There is nothing in the record to show that any application was made to the court to relieve the relator from the judgment of dismissal nor was any notice given the adverse party. So that it cannot be said that the order for the second writ is by implication an order to set aside the judgment of dismissal and granting leave to amend. State ex rel. Hart-Parr Co. v. District Court, 58 Mont. 114, 190 Pac. 982; and see Hagen-Ratcliff & Co. v. Grobe, 113 W. Va. 592, 169 S. E. 240. Such a construction would practically eliminate the necessity of moving under section 9187 and violate the procedure set down by that statute.

If, as relator insists, the dismissal under the motion to quash ▆▆ did not go to the merits, he could file a new action. Sec. 9320, Rev. Codes. But the original proceeding was none the less terminated even though dismissed without prejudice. Mitchell v. Board of Gov., 9 Cir., 145 F. (2d) 827.

The issuance of the second writ in a cause that was already terminated was error. The court was without jurisdiction to entertain the amended application or issue the writ. Miller y. Northern Pac. R. Co., 30 Mont. 289, 76 Pac. 691. Appellant's second motion to quash should have been sustained.

The judgment is reversed and the cause is remanded with instructions to dismiss the action.

Mr. Chief Justice Adair and Associate Justice Choate concur.

(Mr. Justice Gibson took no part since he was not a member of the Court at the time of the oral argument).

Mr. Justice Angstman (dissenting).

This proceeding found its way into the district court by application for a writ of certiorari to review the action of the board of county commissioners in ordering a certain road abandoned. In consequence the provisions of section 9836 et seq. relating to such writs must be resorted to in considering what the court must or may do.

Before considering the merits of the questions presented I desire first to point out that in my opinion the appeal does not present some of the questions considered by my associates.

My associates say, first, that the appeal is from a final judgment and, second, that the record consists of the judgment roll as defined in section 9409, Revised Codes. As to the first point the record is not clear. The notice of appeal recites that it is from a certain order made and entered on the 13th day of January 1947. It does not purport to be an appeal from a judgment. As to the second point, section 9846, which relates specifically to certiorari proceedings, specifies what the judgment roll must contain in such proceedings and the general statute, section 9409, has no application.

Cases are legion that a special statute rules a general one. This point becomes important because if section 9846 controls then respondents' motion to strike from the records everything not enumerated therein should be sustained. State ex rel. Duffy v. Justice of the Peace Court, 69 Mont. 450, 222 Pac. 1055. And see Miners National Bank of Butte v. Proulx, Mont., 176 Pac. (2d) 267.

I think we should confine our consideration to the questions presented by the judgment roll as defined in section 9846 and if we do the conclusion reached in the majority opinion is erroneous on the point considered by it. But if we consider section

9409 as controlling and consider everything in the record as properly before us, I still think Judge Harwood's action should be upheld so far as it is considered in the majority opinion.

I concede that in an ordinary action it has been held that an order dismissing it is equivalent to a final judgment. State ex rel. Meyer v. District Court, 102 Mont. 222, 57 Pac. (2d) 778. But in a certiorari proceeding the only character of judgment authorized by statute after hearing is one "either affirming or annulling, or modifying the proceedings below." See section 9844, Revised Codes. The court has no authority to dismiss the proceedings. The order sustaining the motion to quash was not a final judgment even though, additionally, it purported to dismiss the proceedings. State ex rel. Allen v. Hawkins, 33 Mont. 177, 82 Pac. 952; Pentz v. Corscadden, 49 Mont. 581, 144 Pac. 157; State ex rel. Lalonde v. Lemkie, 62 Mont. 51, 202 Pac. 1109; State v. Lay, 89 Mont. 541, 300 Pac. 238.

Hence until the entry of a final judgment Judge King had the right to allow the filing of an amended application. This he apparently did or he would not have issued the alternative writ on the amended application. The record, I think, reveals quite clearly that the reason Judge King sustained the first motion to quash was because he thought petitioners did not show that they were parties in interest. It was in no sense a judgment on the merits. It was the same as sustaining a demurrer to the application and unless the application showed on its face that it could not be amended to show a proper interest the amendment should be allowed as was done here.

Since the majority opinion does not consider other questions, no useful purpose will be subserved in considering them here.

Rehearing denied January 12, 1948.