LEROY O. BELOTE, Respondent, v. OLE T. BAKKEN and MARY ALICE BAKKEN, Husband and Wife, Defendants, MARY ALICE BAKKEN, Appellant.

No. 10181.
Submitted January 9, 1961. Decided February 8, 1961.
359 P.2d 372

Hall, Alexander & Kuenning, Great Falls, for appellant. John C. Hall, Great Falls, argued orally.

Church, Harris, Johnson & Williams, Cresap McCracken, Great Falls, for respondent. Cresap McCracken, Great Falls, argued orally.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

Plaintiff recovered judgment against defendants in the district court of Cascade County in the sum of $29,340.77. Executions were issued directed to the sheriff of Pondera, Teton, Flathead and Lake Counties. Those issued to Teton and Lake Counties were never returned. That issued to Pondera County was returned unsatisfied. That issued to Flathead County was returned and filed. A partial satisfaction of the judgment was filed, but the balance remains unpaid.

Plaintiff then commenced proceedings supplementary to execution by filing an affidavit in the district court of Cascade County, in which he sought an order requiring defendant, Mary Alice Bakken, to appear at a specified time and place "to answer concerning the nature and extent of her property." Pursuant to the request made in the affidavit, the court made an order requiring defendant, Mary Alice Bakken, to appear before the court in Great Falls, Cascade County on the 29th day of June, 1960, "to answer concerning her property and her interests therein."

Mary Alice Bakken filed a motion to quash the order upon the following grounds: (1) that the court was without jurisdiction to make the order; (2) that the affidavit of plaintiff did not state facts sufficient to warrant the making of the order; (3) that the affidavit stated that appellant was, at the time the order was made, a resident of Flathead County; (4) that actually at the time the order was made appellant was and now is a resident of Lake County and not a resident of Cascade County.

The court denied the motion to quash, and this appeal followed. It was conceded in the oral argument on the appeal that appellant is a resident of Lake County.

Appellant contends that the court erred in ordering her, while a resident of Lake County, to appear in Cascade County to answer concerning her property. She contends that this may not be done because of the specific prohibition contained in section 93-5901, R.C.M.1947, which, in part, states: "* * * but no judgment debtor must be required to attend before a judge or referee out of the county in which he resides."

Plaintiff takes the position that he is proceeding under section 93-5902, R.C.M.1947, and not under section 93-5901, and that section 93-5902, contains no prohibition against ordering a debtor from one county to another.

It therefore becomes necessary to consider sections 93-5901 and 93-5902. These sections provide:

"93-5901. *Debtor required to answer concerning his property, when.* When an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, issued to the sheriff of the county where he resides, or if he does not reside in this state, to the sheriff of the county where the judgment roll is filed, is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from a judge of the court, requiring such judgment debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place specified in the order; but no judgment debtor must be required to attend before a judge or referee out of the county in which he resides."

"93-5902. *Proceedings to compel debtor to appear—in what cases he may be arrested—what bail may be given.* After the issuance of an execution against property, and upon proof, by affidavit of a party or otherwise, to the satisfaction of a judge of the court, that any judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such judge may, by an order, require the judgment debtor to appear, at a specified time and place, before such judge, or a referee appointed by him, to answer concerning the same; and such proceedings may thereupon be had for the application of the property of the judgment debtor toward the satisfaction of the judgment as are provided upon the return of an execution. Instead of the order requiring the attendance of the judgment debtor, the judge may, upon affidavit of the judgment creditor, his agent or attorney, if it appears to him that there is danger of the debtor absconding, order the sheriff to arrest the debtor and bring him before such judge. Upon being brought before the judge, he may be ordered to enter into an undertaking, with sufficient surety, that he will attend from time to time before the judge or referee, as may be directed during the pendency of proceedings and until the final determination thereof, and will not in the

meantime dispose of any portion of his property not exempt from execution. In default of entering into such undertaking he may be committed to prison.''

These two sections were passed at the same time and relate to the same general subject and hence, must be construed together and effect given to each, if possible. State ex rel. Special Road District No. 8 v. Millis, 81 Mont. 86, 261 P. 885; Wilkinson v. La Combe, 59 Mont. 518, 197 P. 836; Box v. Duncan, 98 Mont. 216, 38 P.2d 986; Brown v. Foster, 48 Mont. 114, 135 P. 993.

It is clear that under section 93-5901, when execution against property of the judgment debtor has been issued to the sheriff of the county where the debtor resides, and has been returned unsatisfied, the creditor may proceed as therein directed and compel the debtor to answer concerning his property, but he cannot be required under that section to go from the county where he resides to another county.

In Brindjonc v. Brindjonc, 96 Mont. 481, 487, 31 P.2d 725, 728, this court had occasion to point out the distinction between what is now section 93-5901 and 93-5902, by saying: ''* * * The first section is applicable to cases wherein the judgment creditor has no knowledge of the existence of any property of the defendant subject to levy under execution. The second section is applicable where the judgment creditor has knowledge of property belonging to the defendant, but which he has been unable to locate or have it levied upon under the execution.''

Whether the application in question here is based upon section 93-5902 as plaintiff contends depends upon the allegations made by the affidavit seeking the order. It sets out the following:

''That your affiant is informed, believes and therefore states that one of the defendants herein, to-wit: Mary Alice Bakken, has property which she unjustly refuses to apply toward the satisfaction of judgment herein. That the plaintiff has made

diligent search and inquiry in the public offices of Cascade and Flathead County in an attempt to locate property or obtain information regarding property owned by the said defendant, but that said efforts have been totally unsuccessful.

"That your affiant verily believes and therefore states that the defendant, Mary Alice Bakken, has concealed and is concealing assets of unknown nature and extent which this plaintiff is entitled to reach upon execution and the satisfaction of his judgment.

"That your affiant is informed, believes and therefore states that the defendant, Mary Alice Bakken, is presently residing with Mrs. Mary Swetnam, the defendant's mother, in the Bear Dance Orchard Tracts, Bigfork, Flathead County, Montana, and that the testimony of the said Mrs. Mary Swetnam is necessary to a determination of the matters herein involved."

This application is insufficient to initiate a proceeding under section 93-5902. Proceedings under this section are authorized only when certain specified property is known to be withheld by the debtor from application toward satisfaction of the judgment. It is only then that the applicant can furnish the proof required by the statute. It is not sufficient to allege, upon information and belief, that there exists certain property which the debtor unjustly refused to apply toward the satisfaction of the judgment. The affidavit must allege and the proof must show what property is being withheld.

Plaintiff contends here that this proceeding is justified under section 93-5902 on the authority of Tucker v. Fontes, 70 Cal. App.2d 768, 161 P.2d 697. In that case the affidavit was upon information and belief and was held sufficient to comply with a statute similar to our section 93-5902. It should be noted, however, that in that case no question was raised as to the sufficiency of the affidavit until after a hearing had been held and a receiver was appointed. In fact, the appeal was from the order appointing the receiver and no question was raised as to the propriety of the order requiring the debtor

to appear and answer concerning his property. California has a general statute providing that a judgment debtor may not be required to attend a hearing outside the county of his residence or where he has a place of business. Section 717.1, California Code of Civil Procedure. There was in the Tucker case no necessity to consider the difference between sections 714 and 715 of the California Code of Civil Procedure which correspond to our sections 93-5901 and 93-5902.

The only question presented in that case was whether it was proper to appoint a receiver after there had been a hearing on the application, and after the debtor appeared in obedience to the order, and after he was examined under oath by both parties.

At the hearing, in the Tucker case, evidence was presented showing property of the debtor consisting of unpaid accounts, and accounts on which he was receiving monthly payments. So far as the record shows, this evidence and evidence of the debtor's financial worth, as shown by his own financial statement filed with Dun and Bradstreet, went in without objection.

The right to question the sufficiency of the affidavit to initiate the proceedings in the Tucker case was to all intents and purposes waived, and all that the court was required to pass on, on the appeal, was whether it was proper to appoint a receiver.

We hold that the affidavit, in question here, was and is insufficient to initiate a proceeding under section 93-5902. Whether it is sufficient under section 93-5901 is unimportant here, because even if we assume it is sufficient, the debtor, appellant here, may not be required to appear in a county other than that in which she resides. The court erred in denying the motion to quash.

The cause is remanded with directions to set aside the order denying the motion to quash and to enter an order sustaining it.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.