No. 13062

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF THE ESTATE OF GOLDIE
MAHR KUJATH, Deceased.

---

Appeal from: District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Longan and Holmstrom and Vicki W. Dunaway, Billings,
Montana
James C. Capser argued, Billings, Montana

For Respondent:

Small, Cummins and Hatch, Helena, Montana
Gregory A. Jackson argued, Helena, Montana

---

Submitted: December 11, 1975

Decided: JAN 13 1976

Filed: JAN 13 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Lewis and Clark County, declaring section 91-102, R.C.M. 1947, invalid as being in contravention of Article II, Section 4, 1972 Montana Constitution.

Goldie Mahr Kujath died on August 8, 1973, two days after executing a will in which she left nothing to her surviving husband, John H. Kujath. The Kujaths, who had been childhood sweethearts, were married on April 5, 1973. Both had been married previously, had families and each had lost the first spouse by death. Goldie was a long time resident of Lewis and Clark County and John a long time resident of Carbon County. Following their marriage they resided in the home of John on a small farm near Fromberg, Montana. Late in July 1973, the couple came to Helena to attend to some of Goldie's business affairs and she died on August 8 in Helena.

The First National Bank and Trust Company of Helena was designated to act as executor of the Last Will and Testament of Goldie and it petitioned the court for admission of the Will to probate and for appointment as executor. Following appointment of the institution as executor, a petition was received on behalf of John H. Kujath, in accordance with section 91-3801, R.C.M. 1947, asking that the court declare he was, pursuant to section 91-102, R.C.M. 1947, entitled to one-third of his wife's estate. The executor opposed the petition and thereafter agreed to submit the matter to the district court for its determination. The district court held that section 91-102, R.C.M. 1947, violated Article II, Section 4, 1972 Montana Constitution and denied the petition of John H. Kujath to have set over to him one-third of his wife's estate.

The sole issue before this Court is whether section 91-102 imposes a discriminatory restriction on a wife solely because of her sex and therefore is in violation of the United States and Montana Constitutions.

Section 91-102, provides:

"Married Women, Wills by. A married woman may made a will in the same manner and with the same effect as if she were sole, except that such will shall not, without the written consent of her husband, operate to deprive him of more than two-thirds of her real estate or of more than two-thirds of her personal estate."

This Court in a series of cases has held that when considering the constitutionality of a statute, the constitutionality is presumed and anyone attacking the validity of a statute has a heavy burden of proving the invalidity. City of Billings v. Smith, 158 Mont. 197, 490 P.2d 221; State v. Safeway Stores, Inc., 106 Mont. 182, 76 P.2d 81. In establishing this test, Montana is in accord with every jurisdiction in the United States. 16 Am. Jur.2d, Constitutional Law, §137; 16 C.J.S. Constitutional Law, §98, p. 357.

In the instant case, the question of the constitutionality of section 91-102 is more exact, for this Court previously considered the constitutionality of the statute in an identical factual situation. In re Mahaffay's Estate, 79 Mont. 10, 24, 254 P. 875 (1927). There the same statute was attacked as being in violation of the Fourteenth Amendment to the United States Constitution in that it denied certain persons the equal protection of the law. In upholding the constitutionality of the statute, this Court noted:

"The rule has been many times declared by this court that when a statute is assailed as unconstitutional, the question is not whether it is possible to condemn, but whether it is possible to uphold, and that it will not be declared invalid unless its conflict with the Constitution, in the judgment of the court, is placed beyond a reasonable doubt. * * * Testing the statute under consideration by this rule and in the light of judicial history, we think its validity should be upheld."

Respondent-executor argues that <u>Mahaffay</u> should not be controlling because the laws and the policy of the state, under Montana's 1972 Constitution, have changed. In support it cites Article II, Sections 4, 1972 Montana Constitution, which reads:

> "The dignity of the human being is inviolable.
> No person shall be denied the equal protection
> of the laws. Neither the state nor any person,
> firm, corporation, or institution shall dis-
> criminate against any person in the exercise of
> his civil or political rights on account of race,
> color, sex, culture, social origin or condition,
> or political or religious ideas."

Further, that Montana ratified the Equal Rights Amendment which provides:

> "Article      Section 1.  Equality of rights
> under the law shall not be denied or abridged
> by the United States or by any State on account
> of sex. * * *"

Relying on the changes noted heretofore, respondent argues the law and the policy of the state of Montana have changed since <u>Mahaffay</u>, favoring a greater equality between sexes.

We could agree with this argument if section 91-102, R.C.M. 1947, stood alone in Montana's statutes. However, it does not stand alone but rather imposes upon married women a restriction reciprocal to that placed on men in other sections of the code. Section 91-102 must be read in conjunction with the dower and elective share statutes.

The dower right of a widow (Title 22, Chapter 1, sections 22-101 through 22-117), has been recognized in Montana since statehood. Section 22-107, R.C.M. 1947, provides:

> "Widow may elect---Every devise or bequest to her
> by her husband's will shall bar a widow's dower in
> his lands and her share in his personal estate
> unless otherwise expressed in the will; but <u>she may
> elect</u> whether she will take under the provisions
> for her in the will of her deceased husband or will
> renounce the benefit of such provisions for her,
> and take her <u>dower in the lands and her share in the
> personal estate</u> under the succession statutes, as
> if there had been no will, but not in excess of two-
> thirds (2/3) of the husband's net estate, real and
> personal, after the payment of creditors' claims,

expenses of administration and any and all taxes, including state and federal inheritance and estate taxes." (Emphasis added)

Under Montana's statutes a widow has a dower right to one-third of all lands which her husband was seized of during the marriage and under the succession statute, section 91-403, R.C.M. 1947, a widow is entitled to a minimum of one-third of her husband's estate. Thus, the statutes protect the widow by restricting the husband on the disposition of his estate in a similar if not identical manner to the restriction imposed on the wife by section 91-102. In actuality, Montana's statutes provide the wife with a greater potential if she choses to elect to take against the will as provided in section 22-107, than the share the husband might receive under section 91-102.

Since statehood the legislature has prescribed the policy that all of Montana's statutes should be read together to fully understand the meaning of any individual statute. Section 12-211, R.C.M. 1947, provides:

"Construction of the codes with relation to each other. With relation to each other, the provisions of the four codes must be construed as though all such codes have been passed at the same moment of time, and were parts of the same statute."

See: Steek v. Gilpatrick, 18 Mont. 453, 454, 45 P. 1089 (1896); State ex rel. Nissler v. Donlan, 32 Mont. 256, 264, 80 P. 244 (1905); Brown v. Foster, 48 Mont. 114, 119, 135 P. 993 (1913); State ex rel. School District No. 4 v. McGraw, 74 Mont. 152, 158, 240 P. 812 (1925); State v. Kearns, 79 Mont. 299, 257 P. 1002 (1927); Barth v. Ely, 85 Mont. 310, 322, 278 P. 1002 (1929); State v. Zorn, 99 Mont. 63, 68, 41 P.2d 513 (1935); State ex rel. Walker v. Board of Commissioners, 120 Mont. 413, 187 P.2d 1013 (1947).

We find no policy change in Montana since the adoption of the 1972 Constitution that would justify overruling the Mahaffay

decision. We note here that Montana's new Probate Code, adopted after the 1972 Montana Constitution, places the identical restriction on both married men and women as that imposed by section 91-102, R.C.M. 1947.

The decision of the district court is reversed. The cause is remanded with direction to grant the petition.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices